UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 22-07207-DSF-DFM | Date: | February 16, 2023 |
|---|---|---|---|
| Title | Dave Sare v. United States of America et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order to Show Cause for Failure to Exhaust Administrative Remedies |
|---|---|

On October 31, 2022, the Court issued an order denying Petitioner's TRO motion and denying Respondents' motion to dismiss Petitioner's habeas petition. See Dkt. 11. In that order, the Court explained that Petitioner had not met the requirements for a TRO and that he had failed to exhaust his administrative remedies through the BOP's administrative remedy process. See id. at 6-9, 11-12.

However, the Court also found that there were unresolved factual issues, particularly regarding the unresolved pending criminal charges against Petitioner listed in the BOP's records, that, if investigated, would likely determine the legality of Petitioner's continued incarceration. See id. at 14. On that basis, the Court denied Respondents' motion to dismiss and stayed proceedings pending Petitioner's exhaustion of the BOP's administrative remedy process. See id. The Court then ordered the parties to take steps to resolve Petitioner's claims through the administrative remedy process and ordered Respondents to update the Court as to the parties' progress within 45 days of the date of the order. See id. at 14-15.

On December 15, 2022, in compliance with the Court's order dated October 31, 2022, Respondents filed a status report. See Dkt. 17. Respondents reported that the BOP had provided Petitioner with a BP-9 form to pursue his administrative remedies, but that Petitioner's BP-9 submission was automatically rejected because he did not attach his denied informal resolution request. See id. at 2-3.

On January 3, 2023, the Court issued an order summarizing the reported defects in Petitioner's BP-9 submission and encouraging him to take steps to remedy those defects as soon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

as possible. See Dkt. 20. at 1. The Court also ordered Respondents to file another update as to the parties' progress in resolving Petitioner's claims through the administrative remedy process. See id. at 2.

Respondents filed their most recent status update on February 9, 2023. See Dkt. 26. Per that update, Petitioner appears not to have taken any further steps to exhaust his administrative remedies. See id. at 2. Respondents suggest that Petitioner has three options to proceed: (1) fix the issue with his initial BP-9 submission (by attaching the denied informal resolution request); (2) resubmit another BP-9; or (3) appeal his BP-9 submission. See Dkt. 26 at 2.

As the Court has repeatedly advised Petitioner, the Court will not consider the merits of his Petition until he exhausts administrative remedies through the BOP's formal administrative remedy process. In order to exhaust administrative remedies, Petitioner must follow the applicable rules governing the administrative remedy process. If Petitioner refuses to take steps to exhaust his administrative remedies, the Court cannot justify retaining jurisdiction over his Petition.

Petitioner is therefore ORDERED to show cause in writing, **no later than twenty-one (21) days from the date of this Order**, why this case should not be dismissed for failure to exhaust administrative remedies. In lieu of a written response to this Order, Petitioner may file a declaration indicating that he has either fixed the issue with his BP-9 submission, resubmitted another BP-9, or appealed his BP-9 rejection. Petitioner should attach to his declaration a copy of the applicable submission or appeal.